**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **William Kyle Melton** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| **Officer Justin Calvert** | ) | |
| **Officer Jake Janovsky** | ) | |
| **Officer Nathan Johnson** | ) | JURY TRIAL DEMANDED |
| **Officer Willie Barkley** | ) | |
| **Officer David McCoy** | ) | |
| **Deputy Matthew Knight** | ) | |
| | ) | |
| All individually, | ) | |
| | ) | |
| Defendants. | | |

---

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, William Kyle Melton, and files this Complaint for

Damages against the above-named defendants, all individually, showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as

guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988,

and Georgia law. Plaintiff seeks compensatory damages, special damages, general

1

damages, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which he is or may be entitled by law as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for his claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Clayton County, Georgia and is subject to the jurisdiction and venue of this Court.

5. At all times relevant hereto, Calvert, Janovsky, Johnson, Barkley, and McCoy were employed by Thomaston Police Department and were acting under color of law.

6. At all times relevant hereto, Knight was employed by the Upson County Sheriff's Office and was acting under color of law.

7. All conditions precedent to this action have occurred, been executed, or made moot.

## FACTUAL ALLEGATIONS

8. On or about October 30, 2021, Mr. Melton was driving in Thomaston, Upson County, Georgia when Thomaston Police Department officer Shane Morgan began to pull him over.

9. Plaintiff did not stop immediately and instead continued to drive off in his vehicle.

10. Plaintiff eventually came to rest after losing control of his vehicle and crashing.

11. When the vehicle came to rest, these Defendants approached with firearms drawn while ordering Plaintiff out of the car. Plaintiff immediately surrendered and put his hands up. He was not resisting, obstructing, fighting, or fleeing in any way.

12. While orders were being shouted at him, Plaintiff had his door open, hands up, and was attempting to get out of the vehicle in response to the officers' orders.

13. He was initially unable to exit the vehicle because, with his hands up, he could not unbuckle his seatbelt, and the seatbelt continued to restrain him and hold him inside the passenger compartment.

14. Trooper Jones then deployed his taser, striking Plaintiff while he was still in the driver's seat and causing involuntary muscle spasms. Even in light of the spasms, Defendant was not threatening, offering, or doing violence to anyone. All the while, Plaintiff was exclaiming "my hands are up, my hands are up!"

15. Officer Calvert entered the rear driver-side door and unbuckled the seatbelt from behind, freeing Plaintiff.

16. The Defendants then pulled Plaintiff from the car and violently and maliciously threw him to the ground, injuring him.

17. Calvert exited the back seat after unbuckling the seatbelt and moved towards Plaintiff. At that point, Plaintiff was secured, surrounded, and immobilized on the ground by at least four other law enforcement officers and was not resisting or posing any threat to any officer, deputy, or citizen.

4

18. Despite this, Calvert violently and maliciously punched Plaintiff in the face and head at least ten times, all while Plaintiff was secured, noncombative, not resisting, not fleeing, and not threatening or menacing in any manner.

19. Janovsky also violently and maliciously struck Plaintiff without justification.

20. As Calvert and Janovsky struck Plaintiff, no other officer or deputy intervened in the unlawful use of force, nor did they admonish Calvert or Janovsky to cease, nor did they take any other action to stop, dispel, limit, or mitigate the harm that was occurring despite having a constitutional duty to do so.

21. As a result of the use of force, Plaintiff suffered serious physical injuries.

22. In addition to his physical injuries and being in a coma for three days, Plaintiff also suffered severe mental, emotional, and psychological injury as a result of the malicious and excessive force used against as set forth above.

23. Plaintiff continues to suffer physical, emotional, and psychological pain as a result of the acts and omissions of Defendants.

24. At all relevant times, Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be free from excessive force.

25. There was no reasonable justification for the excessive force that Plaintiff suffered by these Defendants.

26. No reasonable law enforcement officer would have believed that the acts and omissions as complained of herein were in any way appropriate or commensurate under the circumstances.

27. Based on information and belief, no employees or agents of the Thomaston Police Department nor the Upson County Sheriff's Office have been reprimanded or otherwise disciplined for the conduct against Plaintiff.

28. Defendants' actions as set forth above have caused severe and significant mental, emotional, psychological, physical, and financial harm to Plaintiff which he has suffered, is suffering, and will continue to suffer in the future.

## <u>COUNT I</u>
### 42 U.S.C. §1983
### FOURTH AMENDMENT - EXCESSIVE FORCE
### ALL DEFENDANTS

29. Plaintiff re-alleges and reincorporates paragraphs 1-28 as if fully set forth herein.

30. At all times relevant hereto, all named defendants were acting under color of law.

31. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from excessive force by those acting under color of law.

32. At no point was there any justification for the excessive force against Plaintiff as complained of herein.

33. These Defendants are directly liable for the excessive force used against Plaintiff individually and collectively.

34. These Defendants are liable for their omissions in failing to intervene to stop the unlawful force against Plaintiff by their colleagues

35. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fourth Amendment right under the United States Constitution to be free from excessive force.

36. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which all Defendants are liable including, but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

37. The injuries to Plaintiff are permanent and continuing.

**COUNTS II, III, and IV**
**ASSAULT– GEORGIA LAW**
**BATTERY – GEORGIA LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – GEORGIA LAW**
**ALL DEFENDANTS**

38. Plaintiff re-alleges and reincorporates paragraphs 1-28 as if fully set forth herein.

39. These defendants acted intentionally and maliciously to injure Plaintiff.

40. Said acts were extreme and outrageous.

41. Plaintiff was impacted and personally harmed by said acts.

42. As a result of same, Plaintiff has suffered severe emotional distress.

43. These defendants placed Plaintiff in reasonable apprehension of immediate, unlawful contact and harm.

44. These defendants made unwelcome, intentional, and harmful, physical contact with Plaintiff of an insulting and provoking nature by using disproportionate and unnecessary physical force against him.

45. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

**COUNT V**
**PUNITIVE DAMAGES**
**GEORGIA LAW**
**ALL DEFENDANTS**

46. Plaintiff re-alleges and reincorporates paragraphs 1-45 as if fully set forth herein.

47. The harm collectively caused by these Defendants has shown willful misconduct, malice, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

48. Due to such conduct, these Defendants are liable in punitive damages to deter such conduct in the future.

49. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendants to deter similar conduct in the future and to punish Defendants for their wrongful acts, in an amount to be determined at trial.

**COUNTS VI and VII**
**ATTORNEYS FEES AND COSTS**
**42 U.S.C. §1988 and GEORGIA LAW**
**ALL DEFENDANTS**

50. Plaintiff re-alleges and reincorporates paragraphs 1-49 as if fully set forth herein.

51. As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

52. Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

**DEMAND FOR JURY TRIAL**

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages in an amount to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) such other and further relief that the Court deems just and proper.

This 27th day of October, 2023.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
*Counsel for Plaintiff*

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com